UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21399-CIV-JORDAN/O'SULLIVAN

JAMES A. MASTERSON, et al.,
    Plaintiffs,

v.

RAYMOND J. HOAG, et al.,
    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Motion for Leave to File Supplement to Motion to Vacate and Response to Defendants' Sur-Reply and Motion to Hold Defendants in Civil Contempt (DE# 81, 9/14/11) filed by the plaintiffs. Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Motion for Leave to File Supplement to Motion to Vacate and Response to Defendants' Sur-Reply (DE# 81, 9/14/11) is **DENIED as moot**. The instant motion contains substantive arguments which have now been fully briefed by the parties. The undersigned has considered the substantive arguments raised in the instant motion and in the response and the reply filed thereto in the Report and Recommendation on Motion to Vacate Stipulation of Settlement (DE# 69, 5/13/11).Thus, the necessity of a separate filing in the form of a supplement has been negated. It is further

ORDERED AND ADJUDGED that the plaintiffs' Motion to Hold Defendants in Civil Contempt (DE# 81, 9/14/11) is **DENIED without prejudice to renew if supported by law**. The plaintiffs seek to hold the defendants in civil contempt. Civil contempt is appropriate upon a finding that: "(1) the allegedly violated order was valid and lawful; (2)

the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). The Order that is the subject of the plaintiffs' civil contempt motion states in its entirety:

> In light of the stipulation of settlement [D.E. 60], this action against the defendants is DISMISSED WITH PREJUDICE, each party to bear its own costs and fees.
>
> I will retain jurisdiction to enforce the filed settlement agreement.
>
> This case is CLOSED. Any and all pending motions are DENIED AS MOOT.

Order Dismissing Case with Prejudice & Closing Case (DE# 61, 2/10/10) (capitalization in original) (hereinafter "Order Dismissing Case"). The Order Dismissing Case expressly retains jurisdiction to enforce the settlement terms. It does not state that it incorporates by reference the parties' settlement. See, e.g., In re Electric Machinery Enterprises, 416 B.R. 801, 877 (Bkrtcy. M.D. Fla. 2009) (stating that "[f]or a document to be incorporated, '[t]he contract must contain more than a mere reference to the collateral document, but it need not state that it is 'subject to' the provisions of the collateral document to incorporate its terms.'") (quoting Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999) (some alterations added)). To unlock the Court's contempt power, the plaintiffs will need to show that the defendants violated an Order from this Court not just a term of a private settlement agreement entered into by the parties. In the instant motion to hold the defendants in civil contempt, the plaintiffs did not address this issue. Accordingly, if the plaintiffs wish to renew their request for contempt sanctions against the defendants, their renewed motion shall be supported by

a memorandum of law addressing this issue and evidencing a violation of a court Order.

DONE AND ORDERED in Chambers, in Miami, Florida, this **23rd** day of January, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Jordan
All Counsel of Record